# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH R. FLUHARTY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0942**  (BOR Appeal No. 2049429)
(Claim No. 800018137)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph R. Fluharty, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by David Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 25, 2014, in which the Board affirmed an April 11, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 18, 2011, decision granting Mr. Fluharty interest on a wage adjustment differential for the period of April 26, 2002, through July 31, 2005, pursuant to this Court's June 15, 2009, decision. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fluharty was granted a permanent total disability award on March 31, 1998, with an onset date later fixed as April 28, 1981. On April 26, 2004, he filed a request for an adjustment to his wages forming the basis of his permanent total disability award due to incorrect information provided by Eastern Associated Coal that prevented him from receiving cost of living adjustments pursuant to West Virginia Code § 23-4-14(d) (2005). On June 27, 2005, the former Workers' Compensation Commissioner granted the requested wage adjustment for the period from April 26, 2002, through July 31, 2005. The June 27, 2005, decision was subsequently affirmed by the Office of Judges and Board of Review. On June 15, 2009, this Court affirmed the decision to the extent that the Order granted a wage adjustment. However, we remanded the claim with instructions to grant Mr. Fluharty interest on the calculated wage differential in the amount of 6% per annum pursuant to the provisions of West Virginia Code § 23-4-16a (2005). Additionally, on November 26, 2013, this Court denied Mr. Fluharty's petition for a writ of mandamus requesting that we enforce the provisions of our June 15, 2009, Order.

On March 18, 2011, the claims administrator issued a decision granting Mr. Fluharty interest on the wage adjustment differential for the period of April 26, 2002, through July 31, 2005, pursuant to this Court's June 15, 2009, decision. Mr. Fluharty appealed the March 18, 2011, claims administrator's decision to the Office of Judges, which held on April 11, 2014, that the preponderance of the evidence fails to establish that he is entitled to an additional retroactive wage adjustment, and further held that the claims administrator fully complied with the provisions of this Court's June 15, 2009, Order. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated August 25, 2014. On appeal, Mr. Fluharty asserts that the statutory provisions in effect on the date of his initial injury, which occurred in 1979, should apply to all subsequent issues flowing from his permanent total disability award.

For guidance in the determination of which statutory amendment to apply in the instant case, the Office of Judges looked to this Court's decision in *Wampler Foods, Inc. v. Workers' Compensation Division,* 216 W.Va. 129, 146, 602 S.E.2d 805, 822 (2004), in which we stated that an "award" means any action taken on an issue and that the law in effect on the date of said award controls the adjudication of a particular issue, not the law in effect on the date of injury. The Office of Judges found that the issue currently at hand, namely Mr. Fluharty's protest of his adjusted wages, arises from the remand of a June 27, 2005, Order and therefore determined that the applicable law in the instant appeal is West Virginia Code § 23-4-14(d) (2005). West Virginia Code § 23-4-14(d) (2005) provides:

> In any claim for injuries, including occupational pneumoconiosis and other occupational diseases, occurring on or after the first day of July, one thousand nine hundred seventy-one, any award for temporary total, permanent partial or permanent total disability benefits or for dependent benefits shall be paid at the weekly rates or in the monthly amount in the case of dependent benefits applicable to the claimant in effect on the date of the injury. In no event shall an award for permanent total disability be subject to annual adjustments resulting from changes in the average weekly wage in West Virginia.

The Office of Judges determined that pursuant to West Virginia Code § 23-4-14(d) (2005), Mr. Fluharty is not entitled to any additional wage adjustments pertaining to cost of living expenses. Further, the Office of Judges determined that pursuant to West Virginia Code of State Rules § 85-1-3.2 (2005), which provides in part that "[t]here shall be no retroactive adjustments to previous underpayments beyond two years", the claims administrator properly applied an adjustment to Mr. Fluharty's wages beginning on April 26, 2002, which is precisely two years prior to his April 26, 2004, request for an adjustment to his wages. Additionally, the Office of Judges noted that Mr. Fluharty is currently receiving payments reflective of 70% of his average weekly wage earnings, exclusive of the wage adjustment previously discussed, in full compliance with the applicable statutory provisions at the time of his 1979 injury, as well as the provisions of West Virginia Code § 23-4-14(d) (2005).

The Office of Judges properly applied our reasoning set forth in *Wampler* to the facts of the instant claim and correctly identified that the applicable statute concerning Mr. Fluharty's apparent request for an additional wage adjustment as West Virginia Code § 23-4-14(d) (2005). As previously noted, Mr. Fluharty has already received a wage adjustment pursuant to the provisions of West Virginia Code § 23-4-14(d) (2005), which was affirmed by this Court in our June 15, 2009, Order. Further, it appears that Mr. Fluharty is of the belief that he is not currently receiving permanent total disability award payments in accordance with the applicable statutory provisions at the time of his 1979 injury. However, as noted by the Office of Judges, the record clearly reflects that aside from the wage adjustment already received, Mr. Fluharty continues to receive permanent total disability award payments in full compliance with the pertinent statutory provisions in effect at the time of his injury. Finally, because the instant appeal arises from a March 18, 2011, claims administrator's decision solely discussing the portion of this Court's June 15, 2009, Order directing the payment of 6% interest per annum, we find that the Office of Judges properly concluded that the preponderance of the evidence demonstrates that the claims administrator has fully complied with our Order dated June 15, 2009.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II